KRISTEN CLARKE
Assistant Attorney General
REBECCA B. BOND (Cal. Bar. No. 202220)
Chief, Disability Rights Section
KEVIN J. KIJEWSKI
Deputy Chief, Disability Rights Section
ANNA BOBROW
CHERYL ROST
FELICIA SADLER
Trial Attorneys, Disability Rights Section
U.S. Department of Justice
950 Pennsylvania Ave, N.W., - 4 CON
Washington, D.C.  20530
Telephone: (202) 598-9620
Facsimile: (202) 305-9775
Email: Anna.Bobrow@usdoj.gov
         Cheryl.Rost@usdoj.gov
         Felicia.Sadler@usdoj.gov

E. MARTIN ESTRADA
United States Attorney
DAVID M. HARRIS
Chief, Civil Division
RICHARD M. PARK
Chief, Civil Rights Section
MATTHEW J. BARRAGAN (Cal. Bar No. 283883)
MARGARET M. CHEN (Cal. Bar No. 288294)
Assistant United States Attorneys
Federal Building, Suite 7516
300 North Los Angeles Street
Los Angeles, California 90012
Telephone: (213) 894-2444 (Barragan) / -3148 (Chen)
Facsimile: (213) 894-7819
E-mail: Matthew.Barragan@usdoj.gov
         Margaret.Chen@usdoj.gov

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CV 24-2172 |
| Plaintiff, | **COMPLAINT** |
| v. | |
| FITNESS INTERNATIONAL, LLC D/B/A LA FITNESS, | |
| Defendant. | |

1

THE UNITED STATES OF AMERICA alleges the following:

## I. INTRODUCTION

1. Plaintiff United States brings this action against Defendant Fitness International, LLC d/b/a LA Fitness to enforce Title III of the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12181–89, and its implementing regulation, 28 C.F.R. Part 36. Defendant is the largest chain of owner operated gym and fitness club facilities in the United States with over 700 facilities.

2. Ensuring equitable and inclusive access to physical activity is crucial for promoting health and well-being of all individuals, including those with disabilities. But individuals with disabilities experienced disparities and harm because Defendant operates inaccessible gym and fitness club facilities as detailed below.

3. Title III of the ADA prohibits discrimination against individuals on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of places of public accommodation, including gym and fitness facilities. 42 U.S.C. §§ 12181(7)(L), 12182(a); 28 C.F.R. § 36.201(a).

4. Defendant operates places of public accommodations and violates the ADA by failing to ensure that its facilities:

    a. give individuals with disabilities the opportunity to participate in or benefit from their services and facilities, 42 U.S.C. § 12182(b)(1)(A)(i); 28 C.F.R. § 36.202(a);

    b. remove architectural barriers in existing facilities where such removal is readily achievable, 42 U.S.C. § 12182(b)(2)(A)(iv); 28 C.F.R. § 36.304(a);

    c. ensure that facilities designed and constructed for first occupancy after January 26, 1993, are readily accessible to and usable by individuals with disabilities, 42 U.S.C. § 12183(a)(1); 28 C.F.R. § 36.401(c);

        d.        maintain in operable working condition those features of facilities and equipment that are required to be readily accessible to and usable by individuals with disabilities, 28 C.F.R. § 36.211(a); and

        e.        not impose additional fees or surcharges to cover the costs of measures necessary to provide individuals with disabilities with the nondiscriminatory treatment required by the ADA, 42 U.S.C. § 12182(b)(2)(A)(i); 28 C.F.R. § 36.301(c).

5.        In passing the ADA, Congress identified "the Nation's proper goals" regarding individuals with disabilities to include "equality of opportunity," "independent living" and "full participation." 42 U.S.C. § 12101(a)(7). The ADA's prohibition against discrimination includes ensuring access to LA Fitness gym and fitness club facilities and is essential to furthering the ADA's purpose "to invoke the sweep of congressional authority . . . to address the major areas of discrimination faced day-to-day by people with disabilities." 42 U.S.C. § 12101(b)(4).

6.        The United States brings this action based on a determination that: (1) Defendant has engaged in a pattern or practice of discrimination and (2) Defendant discriminated against a person or group of persons and that such discrimination raises an issue of general public importance. The United States seeks declaratory and injunctive relief, monetary damages, and a civil penalty against Defendant.

## II.    JURISDICTION AND VENUE

7.        This Court has jurisdiction over this action under 42 U.S.C. § 12188(b)(1)(B) and 28 U.S.C. §§ 1331 and 1345. The Court may grant declaratory relief and further necessary or proper relief pursuant to 28 U.S.C. §§ 2201-02, and may grant equitable relief, monetary damages, and a civil penalty pursuant to 42 U.S.C. § 12188(b)(2).

8.        Venue is proper in this Court because Defendant is a California limited liability company that owns or operates gym and fitness club facilities in the United States with its principal place of business in this District and a substantial part of the

events or omissions giving rise to the claim occurred in this District. 28 U.S.C. § 1391.

## III.  PARTIES

9. Plaintiff is the United States of America.

10. Defendant is Fitness International, LLC, d/b/a LA Fitness is a limited liability company organized under the laws of California. Defendant owns or operates gym and fitness club facilities that affect commerce in the United States. *See* 42 U.S.C. § 12181. Defendant is a public accommodation because it owns or operates places of public accommodation—gymnasiums, health spas, or other places of exercise or recreation—within the meaning of 42 U.S.C. § 12181(7)(L).

## IV.  ALLEGATIONS

11. Defendant is the largest chain of owner operated gym and fitness club facilities in the United States with over 700 facilities.

12. Defendant engaged in a pattern or practice of discrimination and discriminated against a person or group of persons by failing to provide full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of places of public accommodation, and that discrimination raises an issue of general public importance.

13. Defendant denied an individual or group of individuals, on the basis of disability, with the opportunity to participate in or benefit from a good, service, facility, privilege, or accommodation.

14. Defendant fails to maintain in operable working condition those features of facilities and equipment that are required to be readily accessible to and usable by individuals with disabilities.

15. Defendant's failure to maintain pool and spa lifts in operable working condition has harmed Patron A, Patron B, Patron C, Patron D and other similarly situated individuals with disabilities.

16. Patron A has multiple sclerosis and is substantially limited in one or more major life activities or major bodily functions, including neurological function, operation

of the central nervous system, and the ability to walk, and is an individual with a disability. 42 U.S.C. §§ 12102(1), (2); 28 C.F.R. § 36.105(d)(2)(iii).

17. Since January 2020, Patron A has frequented several LA Fitness facilities to swim for exercise. Swimming is essential for Patron A to manage her pain related to Multiple Sclerosis and is critical to maintain her quality of life.

18. Patron A has encountered inoperable pool lifts at the LA Fitness locations she frequents. Even when a pool lift appears to be working, Patron A has experienced being stuck and dangling over the water, requiring assistance from LA Fitness employees to exit the pool, and being unable to use the pool.

19. Defendant's failure to provide operable pool lifts has also harmed Patron B who has cerebral palsy and quadriplegia and is substantially limited in one or more major life activities or major bodily functions, including neurological function and the ability to walk, and is an individual with a disability. 42 U.S.C. §§ 12102(1), (2); 28 C.F.R. § 36.105(d)(2)(iii).

20. For several years, Patron B has frequented LA Fitness facilities to swim several days a week, accompanied by his father, who is also a member. Swimming is the only form of exercise available to Patron B. When the pool lift works, Patron B can transfer himself out of the pool independently, but when the pool lift is not working, he must crawl out of the pool and rely on others to help him transfer to his wheelchair. Between early 2021 and early 2022, the pool lift was inoperable at the LA Fitness facility that Patron B and his father frequented. During that period, Patron B was forced to crawl out of the pool using the stairs, causing him physical discomfort and abrasions. Upon crawling out of the pool, Patron B needed assistance from his father to get back into his wheelchair. For years, Patron B's father has notified LA Fitness facility and corporate staff about the broken pool lifts, but these issues remain unresolved. LA Fitness's failure to fix broken pool lifts for extensive periods has caused Patron B emotional distress.

21. In 2023, that location closed, and Patron B and his father began to frequent

another LA Fitness location that, at first, lacked a working pool lift battery, and eventually, had a broken pool lift. As recently as July 2024, that LA Fitness facility's pool lift remains inoperable and Patron B has to crawl out of the pool after swimming, continuing to cause him emotional and physical discomfort.

22. Patron C had polio as a child and cannot stand or walk. She is substantially limited in one or more major life activities or major bodily functions, including neurological function, operation of the central nervous system, and the ability to walk, and is an individual with a disability. 42 U.S.C. §§ 12102(1), (2); 28 C.F.R. § 36.105(d)(2)(iii).

23. Patron C has been a member of LA Fitness since 2007. She visits LA Fitness to use weight machines and the jacuzzi. Patron C often cannot operate the jacuzzi lift independently because the remote control, battery, or other lift parts are not working. Patron C can access the jacuzzi without the lift, but needs the lift to get out of the jacuzzi. When the remote control is broken, Patron C uses her cell phone to call the LA Fitness front desk for staff to manually move the lift chair over the water so she can get out of the jacuzzi. At times she cannot reach the front desk staff for assistance. When this occurs, she feels extremely fearful that she will be stuck in the jacuzzi with no means to get out. Patron C values being independent, and having to rely on gym staff to help her use the facility's equipment diminishes her sense of independence.

24. Defendant fails to maintain elevators in operable working condition.

25. Defendant's failure to provide operable elevators harmed Patron D and other similarly situated individuals with disabilities.

26. Patron D has chronic osteoarthritis in both knees and is substantially limited in one or more major life activities or major bodily functions, including the abilities to climb stairs and walk, and is an individual with a disability. 42 U.S.C. §§ 12102(1), (2); 28 C.F.R. § 36.105(d)(2)(iii).

27. Patron D first joined LA Fitness in 2013 to exercise regularly to recover from surgery. Patron D's physician recommended walking in the pool as exercise. He

rejoined in 2022 once the LA Fitness near his home reopened after shutting down temporarily because of the COVID-19 pandemic. Patron D rejoined to use the pool at the LA Fitness facility to exercise. About a month after rejoining LA Fitness, Patron D observed that the elevator from the street level to the facility entrance was broken. Patron D cannot climb the stairs to the entrance because of chronic osteoarthritis. Patron D repeatedly asked about repair of the elevator in 2022 and 2023. Although he was informed several times that the elevator would be fixed "next month," the elevator has remained broken. Patron D cannot use the pools at other LA Fitness facilities because they are too deep to walk in. As a result, Patron D has been unable to exercise at an LA Fitness facility. As of late September 2024, the elevator is working.

28. Defendant fails to remove architectural barriers in existing facilities where such removal is readily achievable.

29. Defendant fails to ensure that facilities designed and constructed facilities for first occupancy after January 26, 1993, are readily accessible to and usable by individuals with disabilities.

30. Defendant's failure to provide accessible facilities harmed Patron A, also referenced above, as well as other similarly situated individuals with disabilities.

31. Along with experiencing inoperable pool lifts, Patron A has experienced barriers to using the accessible shower after she swims. Patron A went to an LA Fitness facility where the shower bench in a designated accessible shower was neither centered, nor close enough to the grab bar. Even after reporting the barrier, the bench remained inaccessible for months and was eventually fixed in May 2023.

32. At another LA Fitness facility, Patron A experienced barriers to accessing a different designated accessible shower where the on/off switch and temperature controls were out of reach from the shower bench. Rather than correcting the bench location, Defendant installed a handheld showerhead with an off/on switch, but no temperature control. These barriers made it difficult for Patron A to shower at LA Fitness locations.

33. Multiple Defendant facilities in Dallas-Ft. Worth, Texas had deviations

from the 1991 ADA Standards for Accessible Design (28 C.F.R. pt. 36, appendix D) and the 2010 ADA Standards for Accessible Design (28 C.F.R. pt. 36, subpart D; 2004 ADAAG at 36 C.F.R. part 1191, appendices B and D), including:

    a. reach range violations, including toilet seat dispensers, wall hooks, AED boxes, sanitizer, and soap dispensers and shower controls.

    b. protrusions, including mounted wall lockers, pool emergency phones, paper towel dispensers, and the front desks.

    c. barriers in the showers including grab bars over the shower seat, wrong height, and seat of shower, incorrect location for controls, including over grab bar; no on/off for handheld shower, roll-in shower less than 60 inches wide, transfer shower less than 36 inches wide, slope at maneuvering clearance at the shower entry, incomplete or insufficient height for grab bars.

    d. barriers to access in locker rooms, including inaccessible lockers, insufficient bench back support, and no pipe insulation.

    e. barriers to access in the water closets, including tissue dispenser location, no self-closing doors in the accessible stalls, insufficient maneuvering clearance, and incorrect side grab bar locations.

    f. violations at the pool deck, including pool lifts that were not operational, spa lifts that were not operational, excessive slopes at the pool decks, and a change of level at the pool lift.

    g. barriers at doors, including obstructed maneuvering clearance at the interior door and excessive thresholds.

    h. barriers to access in saunas, including incorrect bench size and height, change in level at the entry door threshold, change in level at the floor mats, less than 32" of clear width at the door, and no turning space within the sauna.

    i. barriers to operable parts, including inaccessible wall lockers, sauna

           controls, emergency phone boxes, and phones without volume control.

    j.    sign violations, including wrong height, no braille, and not on latch side.

    k.    barriers to drinking fountains, including insufficient knee clearance and spout higher than 36 inches; an elevator that was out of service; instances with no accessible seating in the lounge area.

    l.    elements limiting the accessible interior route.

    m.    fitness equipment stations that lacked sufficient maneuvering clearance.

34. Defendant has imposed impermissible surcharges on patrons with disabilities and their associates to cover the costs of measures, including barrier removal, alternatives to barrier removal, and reasonable modifications in policies, practices, or procedures, that are required to provide those individuals with nondiscriminatory treatment under the ADA, including by charging a patron an additional fee to receive assistance from his caretaker and using equipment bought by a patron's associate for barrier removal.  These surcharges have harmed individuals with disabilities.

35. Defendant imposed a surcharge on Patron B's father.  After waiting almost a year for LA Fitness to fix the broken pool lift battery in 2022, Patron B's father spent about $500 on a battery and charging case for use at an LA Fitness facility.  After that facility closed, Patron B and his father began patronizing a different facility without a working pool lift battery, and Patron B used the battery and charging case at that facility until the pool lift broke in late 2023.

## V.    CAUSE OF ACTION
## VIOLATIONS OF TITLE III OF THE ADA

36. The preceding paragraphs are re-alleged and incorporated by reference as if fully stated.

37. Defendant discriminated against individuals, on the basis of disability, in

9

the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations in violation of Title III of the ADA, 42 U.S.C. § 12182(a) and 28 C.F.R. § 36.201(a).

38. Defendant denied an individual or group of individuals, on the basis of disability, with the opportunity to participate in or benefit from a good, service, facility, privilege, or accommodation, in violation of 42 U.S.C. § 12182(b)(1)(A)(i) and 28 C.F.R. § 36.202(a).

39. Defendant failed to remove architectural barriers in existing facilities where such removal is readily achievable.  42 U.S.C. § 12182(b)(2)(A)(iv) and 28 C.F.R. § 36.304.

40. Defendant failed to ensure that facilities designed and constructed for first occupancy after January 26, 1993, are readily accessible to and usable by individuals with disabilities.  42 U.S.C. § 12183(a)(1) and 28 C.F.R. § 36.401(c).

41. Defendant failed to maintain in operable working condition those features of facilities and equipment that are required to be readily accessible to and usable by individuals with disabilities.  28 C.F.R. § 36.211(a).

42. Defendant imposed a surcharge on aggrieved individuals with disabilities to cover the costs of measures that were required to provide them the nondiscriminatory treatment required by Title III of the ADA, 42 U.S.C. § 12182(b)(2)(A)(i) and 28 C.F.R. § 36.301(c).

43. Defendant violated 42 U.S.C. § 12188(b)(1)(B) and 28 C.F.R. § 36.503 by engaging in a pattern or practice of discrimination against individuals on the basis of disability.

44. Defendant's discriminatory acts raise an issue of general public importance under 42 U.S.C. § 12188(b)(1)(B)(ii).

45. As a result of Defendant's discriminatory conduct, the individuals as alleged in this complaint and other similarly situated individuals suffered harm, emotional distress, loss of independence, humiliation, and embarrassment.  They and

others who were the victims of Defendant's discriminatory practices are aggrieved individuals under 42 U.S.C. § 12188(b)(2)(B) and 28 C.F.R. § 36.503.

## VI. PRAYER FOR RELIEF

46. Grant judgment for the United States and declare that Defendant violated Title III of the ADA, 42 U.S.C. §§ 12181-89, and its implementing regulation, 28 C.F.R. Part 36;

47. Enjoin Defendant, its officers, agents, employees, and all others in concert or participation with it, from engaging in discrimination against individuals with disabilities, and specifically from violating Title III of the ADA, 42 U.S.C. §§ 12181-89, and its implementing regulation, 28 C.F.R. Part 36;

48. Order Defendant, its officers, agents, employees, and all others in concert or participation with it, to:

    a. Modify its policies, practices, and procedures to comply with the requirements of Title III of the ADA, 42 U.S.C. §§ 12181–89, and its implementing regulation, 28 C.F.R. Part 36;

    b. Remove architectural barriers in existing facilities where such removal is readily achievable. 42 U.S.C. § 12182(b)(2)(iv); 28 C.F.R. § 36.304;

    c. Ensure that facilities designed and constructed for first occupancy after January 26, 1993, are readily accessible to and usable by individuals with disabilities. 42 U.S.C. § 12183(a)(1); 28 C.F.R. § 36.401(c);

    d. Maintain in operable working condition those features of facilities and equipment that are required to be readily accessible to and usable by individuals with disabilities. 28 C.F.R. § 36.211;

    e. Cease imposition of surcharges on individuals with disabilities or their associates to cover the costs of measures, such as the provision of auxiliary aids, barrier removal, alternatives to barrier removal, and

        reasonable modifications in policies, practices, or procedures, that are required to provide those individuals with the nondiscriminatory treatment required by the ADA or its implementing regulation.  42 U.S.C. § 12182(b)(2)(A)(i); 28 C.F.R. § 36.301(c);

   f.   Take such affirmative steps as may be needed to restore, as nearly as practicable, all aggrieved individuals to the position that they would have been in but for Defendant's conduct;

   g.   Award monetary damages, including compensatory damages for emotional distress, to aggrieved individuals, under 42 U.S.C. § 12188(b)(2)(B), for injuries suffered as the result of Defendant's violation of Title III of the ADA, 42 U.S.C. §§ 12181–89, and its implementing regulation, 28 C.F.R. Part 36;

   h.   Assess a civil penalty against Defendant in the maximum amount authorized by 42 U.S.C. § 12188(b)(2)(C), to vindicate the public interest; and

   i.   Order such other appropriate relief as justice may require.

## VII. DEMAND FOR JURY TRIAL

Plaintiff United States demands a trial by jury.

Respectfully submitted this 8th day of October 2024.

| | |
|---|---|
| E. MARTIN ESTRADA<br>United States Attorney<br>DAVID M. HARRIS<br>Chief, Civil Division<br>RICHARD M. PARK<br>Chief, Civil Rights Section | KRISTEN CLARKE<br>Assistant Attorney General for Civil Rights<br>REBECCA B. BOND<br>Chief, Disability Rights Section<br>KEVIN KIJEWSKI<br>Deputy Chief, Disability Rights Section |
| */s/ Margaret M. Chen* | */s/ Cheryl Rost* |
| MATTHEW J. BARRAGAN<br>MARGARET M. CHEN<br>Assistant United States Attorneys | ANNA BOBROW<br>CHERYL ROST<br>FELICIA SADLER<br>Trial Attorneys, Disability Rights Section<br><br>Attorneys for Plaintiff<br>United States of America |