BRYAN A. MERRYMAN (SBN 134357)
bmerryman@whitecase.com
WHITE & CASE LLP
555 S. Flower Street, Suite 2700
Los Angeles, CA 90071-2433
Telephone: (213) 620-7700
Facsimile: (213) 452-2329

MELISSA TAYLORMOORE (pro hac vice application to be submitted)
Melissa.taylormoore@whitecase.com
WHITE & CASE LLP
701 Thirteenth Street, Northwest
Washington, DC 20005-3807
Telephone: (202) 202-3600
Facsimile: (202) 639-9355

Attorneys for Defendant
FITNESS INTERNATIONAL, LLC
D/B/A LA FITNESS

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 8:24-cv-02172-SVW |
| Plaintiff, | DEFENDANT FITNESS INTERNATIONAL, LLC'S NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT; AND MEMORANDUM OF POINTS AND AUTHORITIES |
| v. | |
| FITNESS INTERNATIONAL, LLC D/B/A LA FITNESS, | |
| Defendant. | Date: February 3, 2025<br>Time: 1:30 p.m.<br>Courtroom: 10A<br>Judge: Hon. Stephen V. Wilson |

# **NOTICE OF MOTION AND MOTION TO DISMISS**

NOTICE IS HEREBY GIVEN that on February 3, 2025, at 1:30 p.m., or as soon thereafter as the matter may be heard, before the Honorable Stephen V. Wilson, Judge presiding, in Courtroom 10A of the First Street Courthouse, United States District Court for the Central District of California, 350 West First Street, Los Angeles, California 90012, defendant Fitness International, LLC, dba LA Fitness will, and hereby does, move to dismiss Plaintiff's Complaint with prejudice.

This motion is made pursuant to Federal Rule of Civil Procedure 12(b)(6) on the ground that Plaintiff's Complaint does not allege facts sufficient to state a pattern and practice claim in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. §§ 12181–89, and its implementing regulation, 28 C.F.R. Part 36.

This motion is based on this notice of motion and motion, the memorandum of points and authorities, all other pleadings and papers on file in this action, the argument of counsel, and any other matters the Court may consider.

This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on December 3, 2024.

Dated:  December 10, 2024

WHITE & CASE LLP

By:   */s Bryan A. Merryman*
          Bryan A. Merryman

Attorneys for Defendant
FITNESS INTERNATIONAL, LLC
D/B/A LA FITNESS

- 1 -

**TABLE OF CONTENTS**

**Page(s)**

I. INTRODUCTION ............................................................................................ 1

II. FACTUAL BACKGROUND ........................................................................... 1

III. LEGAL STANDARD ....................................................................................... 3

IV. PLAINTIFF'S ALLEGATIONS DO NOT DEMONSTRATE A PATTERN AND PRACTICE OF DISCRIMINATORY CONDUCT ........... 3

    A. The Complaint Alleges Less than .00008% of LA Fitness Members Have been Impacted by a Club's Alleged Failure to Comply with the ADA ................................................................................ 5

    B. The Complaint Alleges Less than 2% of LA Fitness Clubs Do Not Comply with the ADA ................................................................... 6

    C. The Alleged Non-Compliant Features in the Complaint Reflect Isolated Actions and Not a Pattern and Practice of Discrimination ................................................................................................ 7

V. CONCLUSION ................................................................................................. 8

## **TABLE OF AUTHORITIES**

**Page(s)**

### **CASES**

*Alphonsis v. Critics' Choice Ass'n*,
  2022 WL 18278605 (C.D. Cal. Nov. 17, 2022) ...................................................... 1

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ............................................................................................... 3

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) ............................................................................................... 3

*Birdwell v. AvalonBay Communities, Inc.*,
  2023 WL 6307894 (N.D. Cal. Sept. 27, 2023) ............................................... 4, 6, 7

*Blantz v. Cal. Dep't of Corr. & Rehab.*,
  727 F.3d 917 (9th Cir. 2013) ................................................................................. 3

*Californians for Disability Rts., Inc. v. California Dep't of Transp.*,
  2009 WL 2982840, (N.D. Cal. Sept. 14, 2009) ..................................................... 4

*Conservatism Force v. Salazar*,
  646 F. 3d 1240 (9th Cir. 2011) .............................................................................. 3

*Disabled Rights Action Comm. v. Freemont St. Experience*,
  36 F. App'x 579 (9th Cir. 2002) ............................................................................ 4

*International Brotherhood of Teamsters v. United States*,
  431 U.S. 324 (1977) ............................................................................................... 4

*Mei Ling v. City of Los Angeles*,
  2012 WL 12918729 (C.D. Cal. Apr. 10, 2012) ..................................................... 4

*Parents for Privacy v. Barr*,
  949 F.3d 1210 (9th Cir. 2020) ............................................................................... 3

*Salton City Petro., Inc. v. Revel Sys., Inc.*,
  2024 U.S. Dist. LEXIS 158011 (C.D. Cal. Aug. 30, 2024) .................................. 3

*Ting v. Adams & Assocs.*,
  823 Fed. Appx. 519 (9th Cir. 2020) ...................................................................... 3

AMERICAS 128574892

*Top Trade v. Grocery Outlet*,
  2018 WL 6038292 (C.D. Cal. Feb. 22, 2018) ...................................................... 4

*Von Saher v. Norton Simon Museum of Art at Pasadena*,
  592 F.3d 954 (9th Cir. 2010) ................................................................................ 1

**FEDERAL STATUTES**

42 U.S.C. § 12188(b)(1)(B) ................................................................................ 4, 5

42 U.S.C. §§ 12181–89 .................................................................................. passim

**FEDERAL RULES**

Fed. R. Civ. P. 12(b)(6) ................................................................................ 1, 3, 6

**FEDERAL REGULATIONS**

28 C.F.R. pt. 36 ....................................................................................................... 1

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff's Complaint alleges Fitness International, LLC d/b/a LA Fitness ("Defendant" or "LA Fitness") has engaged in a pattern and practice of violating Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12181–89, and its implementing regulation, 28 C.F.R. Part 36. However, pleading such a far-reaching claim—a unique enforcement remedy reserved for the government—requires much more than alleging isolated, discrete violations of the ADA. A plaintiff must allege facts, not conclusions, demonstrating a consistent and pervasive pattern of discriminatory conduct, amounting to a standard operating procedure, including sufficient facts that, if true, would establish widespread non-compliance and substantial evidence of intent or deliberate indifference to the rights of individuals with disabilities, impacting or potentially impacting a significant number of individuals. The Complaint falls far short of this standard, relying solely on conclusory allegations of disconnected and sporadic incidents. The Court should dismiss the Complaint with prejudice.

## II. FACTUAL BACKGROUND

LA Fitness operates approximately 700 clubs across the U.S. and Canada with over 5 million members. Compl. ¶ 11. The Complaint alleges that over the course of a four-year period, four LA Fitness patrons, or less than 0.00008%[1] of LA Fitness's

---

[1] This calculation is an approximation based on the reported 4.9 million members LA Fitness had in 2016. *See* John R. Wells & Gabriel Ellsworth, *The Quiet Ascension of LA Fitness*, Harv. Bus. Sch. (Oct. 2016). This membership number may be properly considered as part of a Rule 12 motion pursuant to judicial notice, as it reflects information available in the public realm rather than the truth of the underlying data. *See Alphonsis v. Critics' Choice Ass'n*, No. 222-cv-03477-SVW-PVC, 2022 WL 18278605, at *5 (C.D. Cal. Nov. 17, 2022) ("[A]t the motion to dismiss stage, the Court may only examine the complaint itself, any documents incorporated by reference into the complaint, and documents subject to judicial notice." (internal quotations and citations omitted)). Unlike in *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010), where the

membership during that four-year period, referred to as Patron A, Patron B, Patron C, and Patron D, experienced inaccessible areas or other alleged ADA violations while using an unknown number, but no more than approximately 2% of LA Fitness's clubs, without any allegation identifying where those members experienced alleged violations.[2]  Compl. ¶¶ 15, 17, 21, 23, 27 and 33.  The factual allegations in the Complaint are so sparse that, LA Fitness does not even know nor can it discern whether Patrons A-D are members and which club or clubs they used.  More specifically, the Complaint alleges:

- Patron A encountered an inoperable pool lift (Compl. ¶ 18), experienced an accessible shower with a bench that was not placed in the correct location (which was subsequently remedied) and an accessible shower with an inaccessible temperature control (Compl. ¶¶ 31-32);
- Patron B experienced a broken pool lift (Compl. ¶¶ 19-21) and was charged for a companion (Compl. ¶¶ 34-35);
- Patron C experienced an inoperable jacuzzi lift (Compl. ¶ 23); and
- Patron D observed an elevator used to go between the street level and the club entrance was broken (Compl. ¶ 27).

In addition to these four Patrons, the Complaint alleges an unspecified number of club locations in the Dallas-Fort Worth area have varying non-compliant features, including reach ranges; locations of grab bars, dispensers, and controls; inaccessible lockers; inoperable pool lifts; insufficient maneuvering space; inaccessible benches;

---

Ninth Circuit limited judicial notice to recognizing what was in the public realm at the time without accepting the truth of the articles' contents, this Court may take judicial notice of the membership estimate because it is derived from reliable, publicly available sources and is central to Plaintiff's claims.  This figure does not account for additional members who joined after 2016, potentially increasing the total membership or replacing those whose memberships lapsed.

[2]   This calculation assumes as true the 700 clubs referenced in the Complaint (Compl. ¶ 11), the four clubs attended by the Patrons (Compl. ¶¶ 15-27), and another approximately ten clubs located in the Dallas-Fort Worth area (Compl. ¶ 33).

- 2 -

sign violations; and an inoperable elevator. Compl. ¶¶ 33(a)-(m). The Complaint does not allege any member has been unable to access or use the many services offered at any of these clubs in the Dallas-Fort Worth area due to these or any other alleged violations.

## III. LEGAL STANDARD

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), a court reviews the factual allegations of the complaint to determine their legal sufficiency. *Conservatism Force v. Salazar*, 646 F. 3d 1240, 1241-42 (9th Cir. 2011) (affirming lower court's 12(b)(6) dismissal) (quoting *Navarro v. Block*, 250 F.3 729, 732 (9th Cir. 2001)); *Salton City Petro., Inc. v. Revel Sys., Inc.*, 2024 U.S. Dist. LEXIS 158011, at *3 (C.D. Cal. Aug. 30, 2024) (same). While a court accepts all well-pleaded factual allegations as true, it does not similarly accept mere conclusions couched as factual allegations, *Parents for Privacy v. Barr*, 949 F.3d 1210, 1221 (9th Cir. 2020), and thus a complaint does not state a claim if it merely "tenders naked assertions devoid of further factual enhancement." *Blantz v. Cal. Dep't of Corr. & Rehab.*, 727 F.3d 917, 927 (9th Cir. 2013) (*quoting Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (alteration and internal quotations marks omitted)). In short, "[t]hreadbare recitals of the elements of a cause of action . . . do not suffice." *Id*. Additionally, the facts pleaded must make the plaintiff's entitlement to relief more than "a sheer possibility." *Iqbal*, 556 U.S. at 678. A plaintiff's claim must be "plausible on its face." *Ting v. Adams & Assocs.*, 823 Fed. Appx. 519, 521-22 (9th Cir. 2020) (dismissing the complaint because a "common sense" analysis refuted the inherently implausible allegations asserted by the plaintiff) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

## IV. PLAINTIFF'S ALLEGATIONS DO NOT DEMONSTRATE A PATTERN AND PRACTICE OF DISCRIMINATORY CONDUCT

Under Title III of the ADA, only the U.S. Department of Justice ("DOJ") can bring a pattern and practice claim. 42 U.S.C. § 12188(b)(1)(B); *see, e.g., Disabled*

- 3 -

*Rights Action Comm. v. Freemont St. Experience*, 36 F. App'x 579, 581 (9th Cir. 2002) (recognizing DOJ's right to bring "pattern and practice" claim). When it does, a Title III pattern and practice claim requires more than, as here, allegations of isolated, sporadic, or individualized discriminatory decisions.

Rather, to adequately plead a pattern and practice claim, a plaintiff must allege facts demonstrating a defendant's "failure to comply with the federal disability laws is a direct result – not of individualized decisions pertaining to a particular facility – but instead, to defendant's alleged pattern and practice relying on inadequate guidelines and procedures that fail to ensure the requisite access to defendant's facilities." *Birdwell v. AvalonBay Communities, Inc.*, No. 21-CV-00864-JST, 2023 WL 6307894, at *6 (N.D. Cal. Sept. 27, 2023) (quoting *Californians for Disability Rts., Inc. v. California Dep't of Transp.*, No. C 06-5125 SBA, 2009 WL 2982840, at *2 (N.D. Cal. Sept. 14, 2009)); *see also International Brotherhood of Teamsters v. United States*, 431 U.S. 324, 336 n.16 (1977) (in a Title VII case, a pattern and practice exists "where the denial of rights consists of something more than an isolated, sporadic incidence, but is repeated, routine, or of a generalized nature").

Plaintiff's allegations fall well short of this standard and do not demonstrate LA Fitness has engaged in a pattern and practice of discriminatory conduct. Indeed, there are no facts alleged sufficient to state a claim that LA Fitness has "inadequate guidelines and procedures that fail to ensure the requisite access" or that any practice employed by LA Fitness results in widespread discrimination under Title III. *See Birdwell*, at *6. The Complaint is replete with conclusory allegations that must be disregarded under *Twombly*. *See generally Top Trade v. Grocery Outlet*, No. 217-cv-08467, 2018 WL 6038292, at *2 (C.D. Cal. Feb. 22, 2018) (dismissing all claims with prejudice where the plaintiff merely pled conclusory allegations lacking sufficient facts); *Mei Ling v. City of Los Angeles*, No. 2:11-CV-07774, 2012 WL 12918729, at *5 n.2 (C.D. Cal. Apr. 10, 2012) (general allegations of an "ongoing

pattern, practice and policy of discrimination are not factual allegations, and therefore need not be taken as true") (internal quotations and citations omitted).

Plaintiff's sweeping, overly broad claims that LA Fitness "fails to maintain in operable working condition those features of facilities and equipment that are required to be readily accessible to and usable by individuals with disabilities" (Compl. ¶ 14), "fails to maintain elevators in operable working condition" (Compl. ¶ 24), or "fails to remove architectural barriers in existing facilities where such removal is readily achievable" (Compl. ¶ 28), are precisely the types of conclusory allegations unadorned with facts that *Twombly* requires this Court to disregard at the pleading stage. While LA Fitness does not minimize or discount the more specific allegations attributed to the four Patrons, Plaintiff cannot ignore its burden under 42 U.S.C. § 12188(b)(1)(B) to state a pattern and practice claim and cannot transform these isolated allegations into a wide-reaching pattern and practice claim.

When Plaintiff's self-serving generalized conclusions are stripped from the Complaint (as they must be), all that remains are claims from four Patrons regarding a few unspecified club locations out of over 700 across close to 30 different states. As explained below, when measured against the millions of club members who have used over 700 clubs over four plus years, these allegations do not state a pattern and practice claim: the Complaint alleges less than .00008% of members (not including guests and other visitors) have been impacted by a club's alleged failure to comply with the ADA; the Complaint alleges less than 2% of clubs do not comply with the ADA; and the alleged non-compliant features reflect decisions typically made by an employee or a local club, not on a national level. This plainly does not allege an actionable pattern and practice of violations of Title III.

### A. **The Complaint Alleges Less than .00008% of LA Fitness Members Have been Impacted by a Club's Alleged Failure to Comply with the ADA**

The Complaint alleges four Patrons have encountered an alleged violation of

- 5 -

Title III of the ADA. As the Complaint acknowledges, LA Fitness is the country's largest operator of health clubs. *See* Compl. ¶ 11. Four reports of disparate and unrelated accessibility issues over the course of four years at a handful of identified clubs out of over 700 locations, while not intended or desirable, does not constitute widespread discriminatory conduct (i.e., a pattern and practice).

Recently, another district court held similar infrequent allegations of discriminatory conduct insufficient under Rule 12(b)(6) to plead a pattern and practice claim under the Fair Housing Amendments Act. In *Birdwell*, the court held inadequate to state a pattern and practice claim the plaintiff's allegations that she had been denied a reasonable accommodation three times. *See Birdwell*, 2023 WL 6307894, at *6-7. Similarly, here, Plaintiff's allegations that four individuals who visited an unspecified few clubs experienced or encountered disparate ADA violations over four years are inadequate to state a claim.

### B. The Complaint Alleges Less than 2% of LA Fitness Clubs Do Not Comply with the ADA

Just as Plaintiff's allegations regarding the number of visitors who experienced access issues do not state a claim, its allegations regarding the number of clubs with non-compliant features likewise do not meet its burden of establishing LA Fitness designs or otherwise runs its clubs according to a discriminatory practice or procedure. As a threshold matter, the vague and conclusory allegations in the Complaint make it impossible for LA Fitness or this Court to determine which or how many clubs allegedly have had non-compliant features or whether they still exist. Similarly, the Complaint does not even identify the Dallas-Fort Worth clubs alleged to have non-compliant features. Even assuming the allegations regarding the clubs located in the Dallas-Fort Worth area relate to an additional ten clubs, at most the Complaint alleges approximately 2% of LA Fitness clubs have non-compliant features. Such a disproportionately small number of clubs showcases the isolated

and discrete nature of these claims and ultimately is insufficient to state a claim predicated on a pattern and practice theory implicating over 700 clubs.

   **C.** **The Alleged Non-Compliant Features in the Complaint Reflect Isolated Actions and Not a Pattern and Practice of Discrimination**

  The Complaint's allegations, even taken as true for purposes of this motion, fail to state a claim based on a coordinated or uniform policy leading to the alleged violations. The specific accessibility issues cited, such as inoperable pool lifts, insufficient maneuvering space and signage in incorrect locations (Compl. ¶¶ 33(a)-(m)), are isolated conditions that typically arise from an individual employee's decision or maintenance lapses, not from a broad or systemic discriminatory intent or practice. The courts that have analyzed the pleading standard required for a pattern and practice claim have required factually based allegations of a persistent and systemic failure to comply with statutory obligations. *See Birdwell* at *6.

  Merely alleging certain club features do not meet accessibility standards does not meet the level of a coordinated effort to disadvantage individuals with disabilities, as required to validly state a pattern and practice claim. The Complaint does not allege facts such as corporate-level directives, defective or non-compliant policies, or training deficiencies that plausibly suggest a deliberate or widespread disregard for ADA compliance. Disconnected issues at individual locations reflect, at most, errors in implementation or oversight and cannot be conflated with the intentional, repetitive conduct necessary to state a claim establishing a pattern and practice of discrimination. In the absence of statistically meaningful incidents of noncompliance, and with no allegations tying the purported isolated allegations of non-compliance to a centralized, discriminatory decision-making process, the Complaint fails to state a pattern and practice claim under Title III.

## V. CONCLUSION

For the foregoing reasons, the Court should grant Defendant's Motion to Dismiss the Complaint with prejudice.

Dated: December 10, 2024

WHITE & CASE LLP

By: /s/ Bryan A. Merryman
Bryan A. Merryman

Attorneys for Defendant
FITNESS INTERNATIONAL, LLC
D/B/A LA FITNESS